## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MOHAMED ALASSAF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 14 C 214 |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which is granted for the reasons explained below.

### BACKGROUND

Plaintiff, Mohamed Alassaf, brings this action against defendant, Travelers Casualty Insurance Company of America ("Travelers"), for breach of contract and bad-faith failure to pay a claim in violation of the Illinois Insurance Code. Alassaf operated a business called ABC Carwash, which was located in Alsip, Illinois. In January 2010, Alassaf took out a Travelers "Garage Pac" custom insurance policy, designed for automobile-detailing shops, for ABC Carwash. The policy provided commercial general liability coverage, including property damage, and the policy period ran from March 9, 2010 to March 9, 2011.

On February 1, 2011, while the policy was in effect, ABC Carwash suffered substantial damage from a fire. Plaintiff alleges that the fire was accidental and caused damages in the amount of $93,841.03.

It is alleged that plaintiff notified Travelers of the loss in a timely manner and submitted a claim to initiate the repair and replacement process. Travelers "ultimately refused to repair" the facility and denied the claim on the ground that the fire was intentionally set. (Compl. ¶ 12.) Plaintiff alleges that his entitlement under the policy to insurance payments for the fire damage is "clear and unambiguous," that he performed his obligations under the policy, and that defendant's refusal to pay the claim has caused plaintiff a "substantial loss of income," forcing him to close ABC Carwash. (Compl. ¶¶ 11, 13, 15.) Count I of the complaint is a breach of contract claim. Count II is a claim for violation of the Illinois Insurance Code, 215 ILCS 5/155, for the "unreasonable and vexatious" denial of the insurance claim.

Travelers moves to dismiss the complaint.

## **DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). To survive such a motion, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 556 (2007)). Although we must accept as true all factual allegations in the complaint, we need not accept as true its legal conclusions. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

A.  **Statute of Limitations**

The complaint alleges that Alassaf "initiated" the insurance claim on February 18, 2011 and that Travelers denied the claim on February 21, 2013. (Compl. ¶ 18.) This action was filed in the Circuit Court of Cook County on December 16, 2013 (and removed to this court on January 13, 2014). Travelers contends that plaintiff has pleaded himself out of court because the allegations of the complaint "establish that the claims are time barred by the insurance policy's two-year suit limitations provision." (Def.'s Mot. to Dismiss and Mem. in Supp. at 1.)

A contractual limitations period is an affirmative defense. A plaintiff is not required to negate an affirmative defense in his complaint in order to survive a motion to dismiss. Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003). The exception occurs where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005).

Plaintiff attached portions of the policy to his complaint, while defendant attached the entire policy to its motion. We can consider the entire policy to be part of the pleadings because it is referred to in the plaintiff's complaint and is central to his claim. See Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431-32 (7th Cir. 1993). The provision defendant relies upon can be found in an endorsement that applies to the "Commercial Inland Marine Coverage Part" of the policy and states as follows:

**C. Legal Action Against Us**

No one may bring a legal action against us:

**1.** Until there has been full compliance with all terms of this Coverage Part; and

**2.** More than 2 years after you first have knowledge of the direct loss or damage. But we will extend this 2 year period by the number of days between the date proof of loss is filed and the date the claim is denied in whole or in part.

(Def.'s Mot. to Dismiss and Mem. in Support, Ex. A, Policy at 120.) Travelers argues that the complaint arises out of a claim for losses sustained in a February 1, 2011 fire and that it is barred because it was filed more than ten months after the two-year contractual limitations period expired. It further argues that the limitations period was never tolled because plaintiff's "own allegations establish that the earliest he may have submitted a proof of loss was February 18, 2013, . . . after the time to sue had already expired." (Def.'s Mot. to Dismiss and Mem. in Supp. at 1.) In support of its argument that there was no tolling of the contractual limitations period, Travelers points to a document attached to the complaint that is titled "Sworn Statement in Proof of Loss (For Use With Replacement Cost Coverages)." In that notarized document, Alassaf filled in the blanks to provide information about the fire and the resulting damage, including the full cost of repair or replacement and the cash value of the claim. Alassaf signed the statement on February 18, 2013.

In response, plaintiff contends that the policy's limitations period was tolled and that Travelers waived compliance with the proof-of-loss requirements. Plaintiff cites section 143.1 of the Illinois Insurance Code, which provides that "[w]henever any policy or contract for insurance . . . contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, <u>in whatever</u>

<u>form is required by the policy</u>, until the date the claim is denied in whole or in part." 215 ILCS 5/143.1 (emphasis added). The purpose of section 143.1 is "to prevent an insurance company from sitting on a claim, allowing the limitation period to run and depriving the plaintiff of the opportunity to litigate her claim in court." <u>Burress-Taylor v. Am. Sec. Ins. Co.</u>, 980 N.E.2d 679, 685 (Ill. App. Ct. 2012).

The parties do not cite, and we cannot find, any provision in the policy that explicitly defines "proof of loss." Plaintiff does refer to the following provisions contained in the "Businessowners Coverage Part" that appear under the heading "Property Loss Conditions":

> **3. Duties in the Event of Loss or Damage**
>
> **a.** You must see that the following are done in the event of loss or damage to Covered Property:
> . . .
> **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.
> . . .
> **(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
> . . .
> **(7)** For loss or damage from other than "employee dishonesty" or "forgery" or alteration <u>send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.</u>

(Policy at 45-46 (emphasis added).) Plaintiff also cites Illinois case law for the proposition that "[w]hen an insurer denies

liability for a loss claimed to be covered under [a] policy on grounds other than the insured's failure to file a proof of loss, the insurer waives compliance with the proof-of-loss requirement." Mathis v. Lumbermen's Mut. Cas. Ins. Co., 822 N.E.2d 543, 547 (Ill. App. Ct. 2004); State Farm Mut. Auto. Ins. Co. v. Gray, 570 N.E.2d 472, 475-76 (Ill. App. Ct. 1991).

It is unclear from the pleadings what information plaintiff provided to Travelers to initiate his claim and whether this could constitute proof of loss; it is also unclear what Travelers requested of plaintiff. Under Illinois law, "[i]t is possible for the filing of information with an insurance company to constitute a proof of loss and to start the tolling period, if the policy does not require a particular form of proof of loss." Hines v. Allstate Ins. Co., 698 N.E.2d 1120, 1124 (Ill. App. Ct. 1998). Moreover, where the insurer knows of the loss and sufficient information is submitted to the insurer to inform it of the nature and extent of the loss, the proof-of-loss requirement may be deemed waived. Lynch v. Mid-America Fire & Marine Ins. Co., 418 N.E.2d 421, 428 (Ill. App. Ct. 1981). Here, the policy requires a "signed, sworn proof of loss," but it must contain the information Travelers "request[s]" and is due sixty days after Travelers requests it from the insured. The policy also provides that Travelers "will" supply the insured with the necessary forms. It therefore appears that the insured's duty to provide a "signed, sworn" formal proof of

loss is triggered only by Travelers' request and provision of forms.  It is unclear from the pleadings whether Travelers made such a request and/or provided the necessary forms.  There is also the possibility that Travelers would be estopped by its conduct to assert the policy's limitations period or that its conduct could constitute a waiver of the proof-of-loss requirement.  See, e.g., Hines, 698 N.E.2d at 1124-25; Tarzian v. West Bend Mut. Fire Ins. Co., 221 N.E.2d 293, 299 (Ill. App. Ct. 1966).  Therefore, we are unable to say that the pleadings "plainly reveal" that this action is untimely.  There are a number of issues surrounding defendant's limitations defense that cannot be resolved at this juncture.  Accordingly, the motion to dismiss will be denied to the extent that it is premised on the contractual limitations period.

**B.   Standing**

Travelers asserts that alternatively, Alassaf has no standing to sue on the policy because it was issued to ABC Carwash, not Alassaf.  The named insured on the policy is indeed ABC Carwash.  (Compl., Ex. A.)  The complaint makes several references to ABC Carwash as being "plaintiff's business" but does not allege any facts that adequately describe Alassaf's relationship with ABC Carwash for purposes of standing.  For instance, was it a sole proprietorship--was he doing business as ABC Carwash?  Plaintiff's single-sentence response to defendant's argument is that "Alassaf is the appropriate beneficiary Plaintiff because ABC Carwash is no

longer in existence." (Pl.'s Resp. at 2.) This response fails to indicate the nature of Alassaf's relationship with the insured, and in any event the complaint must contain allegations indicating that Alassaf is or was in privity with ABC Carwash or is an assignee or direct third-party beneficiary, so that he has standing to sue on the policy. The complaint will therefore be dismissed without prejudice, and plaintiff will be given leave to file an amended complaint, if he is able to do so, to include facts indicating that he has standing to sue on ABC Carwash's insurance policy.

C.  **Statutory Claim Under 215 ILCS 5/155**

In Count II, plaintiff alleges that Travelers violated the Illinois Insurance Code, 215 ILCS 5/155, by unreasonably and vexatiously denying the insurance claim in that Travelers had "no reasonable basis to conclude that the Plaintiff was in any way connected to the fire that occurred at his business." (Compl. ¶ 19.) The statute provides in relevant part:

> In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
>> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>>
>> (b) $60,000;

> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155(1). Section 155 is strictly construed. Its statutory penalties may not be awarded "simply because an insurer takes an unsuccessful position . . . but only where the evidence shows that the insurer's behavior was willful and without reasonable cause." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 200 F.3d 1102, 1110 (7th Cir. 2000). An insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law. Id.

Travelers argues that plaintiff has failed to state a claim in Count II because no facts are alleged from which we could reasonably infer that Travelers acted vexatiously and unreasonably. We agree. Alleging that Travelers had no reasonable basis to determine that arson occurred is conclusory. In plaintiff's response, he presents a new theory, contending that it "does not take over two years to investigate the cause of a fire." (Pl.'s Resp. at 6.) It is now plaintiff's position that Travelers unreasonably waited for two years to deny the claim for the purpose

of thwarting litigation by asserting the contractual limitations period. Plaintiff concedes that under Illinois law, delay by itself is insufficient to support a claim under § 155, but contends that delay coupled with "other culpable conduct" can be considered vexatious and unreasonable. See, e.g., Indus. Enclosure Corp. v. N. Ins. Corp. of New York, No. 97 C 6850, 1998 WL 852845, at *6-7 (N.D. Ill. Nov. 30, 1998).

The problem is that plaintiff has not alleged facts from which we can reasonably infer that Travelers engaged in any culpable conduct. Simply alleging that Travelers took two years to deny the claim with the intent of thwarting litigation would not be sufficient; plaintiff must allege facts from which we could infer that Travelers had that intent. Pointing to defendant's assertion of the contractual statute of limitations in this lawsuit is in our view insufficient.

Count II will be dismissed at this time without prejudice. We believe it would be premature for plaintiff to attempt an amended Count II before he has learned the factual basis for the defendant's denial of his insurance claim. This would result in another motion to dismiss for lack of specificity. Assuming that the plaintiff can successfully amend Count I by alleging standing, the parties should conduct discovery on Count I, which will include the basis for defendant's denial of coverage. When that discovery has been completed, the plaintiff may, if he believes it is

warranted, move for leave to amend the complaint to add a § 155 claim.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss the complaint [5] is granted, and the complaint is dismissed without prejudice. Plaintiff is given leave to file by July 21, 2014 an amended complaint for breach of contract that sufficiently alleges standing. A status hearing is set for July 23, 2014 at 10:30 a.m. to discuss the standing issue.

DATE:         July 2, 2014

ENTER:    _____
                 John F. Grady, United States District Judge