IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMED ALASSAF d/b/a ABC CARWASH, a sole proprietorship, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14 C 214 |
| v. | ) ) | Judge Joan H. Lefkow |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court is defendant Travelers Casualty Insurance Company of America's

(Travelers's) motion for summary judgment (dkt. 41), which is granted for the reason that

Mohamed Alassaf has no standing to bring this action.

## BACKGROUND[1]

In 2009, Alassaf opened up his first car wash business in Alsip, Illinois. (Dkt. 41-3 at

20:16–21.) Later he acquired another car wash located at 1000 Main Street in Carbondale,

Illinois. (*Id.* at 20:22–21:5.) According to Alassaf, when he first opened the Alsip car wash, it

was incorporated in Illinois. (Dkt. 41-3 at 38:13–19.) He does not recall the exact name of the

corporation but remembers that "ABC" was part of it. (*Id.* at 38:20–23.)  Neither side has

presented evidence of a car wash identified as ABC that was or had been incorporated in Illinois

---

[1] Unless otherwise noted, the facts in this section are taken from the parties' Local Rule 56.1
statements and are construed in the light most favorable to the non-moving party. The court will address
many but not all of the factual allegations in the parties' submissions, as the court is "not bound to discuss
in detail every single factual allegation put forth at the summary judgment stage." *Omnicare, Inc.* v.
*UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011) (citation omitted). In accordance with its
regular practice, the court has considered the parties' objections to the statements of fact and includes in
this background only those portions of the statements and responses that are appropriately supported and
relevant to the resolution of this motion. Any facts that are not controverted as required by Local Rule
56.1 are deemed admitted.

by Alassaf during or before 2009.

On February 1, 2011, ABC Carwash, located at 11906 S. Cicero Avenue in Alsip,

Illinois, was damaged by a fire. (*See* dkt. 41-2 (Defendant's Local Rule Statement of Facts

(Def.'s SOF)) at ¶¶ 1–2.) At the time of the fire, ABC Carwash, located at 11906 S. Cicero Ave.,

Alsip, Illinois was insured by Travelers under the policy number I-680-2911N106-ACJ-10 (the

policy). (Dkt. 42-1 (Plaintiff's Response to Statement of Facts (Pl.'s Res. SOF)) at ¶ 3.) On the

policy, ABC Carwash was designated as a corporation. (Dkt. 42-10 at 3, 8.) The policy does not

name Alassaf in any capacity. (*See* dkt. 42-10.) The policy provided coverage for direct physical

loss of or damage to the named insured's personal property caused by or resulting from a

covered cause of loss. (Pl.'s Res. SOF at ¶ 10.)

On February 21, 2013, Travelers denied the claim on the basis that the fire was

intentionally set by or at Alassaf's direction. (Pl.'s Res. SOF at ¶ 30.)  Alassaf filed this lawsuit

against Travelers in the Circuit Court of Cook County, Illinois. (*Id.* at ¶ 32.) Travelers removed

the case to federal court based on diversity jurisdiction. (*Id.*)[2]

On July 2, 2014, this court dismissed the complaint without prejudice after finding that

the complaint failed to allege facts indicating that Alassaf had standing to sue on the policy.

(Dkt. 14 at 9.) The court explained that Alassaf had not adequately described his relationship

with ABC Carwash, such as whether ABC Carwash was a sole proprietorship and he was doing

business as ABC Carwash. (*Id.* at 8.) On July 21, 2014, Alassaf filed an amended complaint

where he identified plaintiff as "Mohamed Alassaf d/b/a ABC Carwash a sole proprietorship"

---

[2] Travelers represents that it is a Connecticut corporation and its principal place of business is in Connecticut. Plaintiff, an Illinois citizen, claims damages of approximately $93,000. Travelers' notice of removal alleges more than $75,000 in controversy while at the same time it argues in its briefing that the maximum Alassaf could recover is the policy limit **Error! Main Document Only.**($51,500). Because the amended complaint alleges unreasonable denial of the claim, the court finds jurisdiction in light of the Illinois Insurance Code, 215 Ill. Comp. Stat., 5/155.

and alleged that he owned and operated ABC Carwash as a sole proprietorship. (Dkt. 15.)

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). To determine whether any genuine fact issue exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c). In doing so, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott* v. *Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). The court may not weigh conflicting evidence or make credibility determinations. *Omnicare*, 629 F.3d at 704.

The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). If a claim or defense is factually unsupported, it should be disposed of on summary judgment. *Celotex*, 477 U.S. at 323–24.

## ANALYSIS

Travelers moves for summary judgment, arguing that the case should be dismissed on procedural grounds for lack of Alassaf's standing to sue on behalf of the insured, filing beyond the time limit provided by the policy, or, due to Alassaf's inability to prove damages to a

reasonable degree of certainty. Because we resolve this case on the standing issue, we do not reach the issues of timeliness and damages.

Travelers argues that Alassaf may not recover under the insurance policy because he has no standing where he is neither the named insured, an assignee of the named insured's interest under the policy, nor a third-party beneficiary. (Dkt. 41-1 at 7.) Travelers contends that ABC Car Wash held itself out as a corporation at the time the policy was entered into, that the policy intended to cover a corporation, and therefore only the corporation can sue to enforce the contract. Travelers argues that the policy itself supports its contention that the policy was between Travelers and a corporation because the policy states that the "form of business" covered by the policy is a corporation (dkt. 42-10 at 8) and Alassaf's name does not appear anywhere on the policy (*see* dkt. 42-10). Travelers also relies on evidence that Alassaf filed federal corporate tax returns for 2009 and 2010 reporting the following name and address: ABC Car Wash & Detail, Inc. with its principal office or place of business at 11906 S. Cicero Ave, Alsip, IL 60803.(Dkt. 49); *see also* Department of the Treasury Internal Revenue Service, *2009 Instructions for Form 1120, U.S. Corporation Income Tax Return*, https://www.irs.gov/pub/irs-prior/i1120--2009.pdf, at 6 (instructing that the person filling out form 1120 "[e]nter the corporation's true name" and "address of the corporation's principal office or place of business" and not "the address of the registered agent for the state in which the corporation is incorporated"); Department of the Treasury Internal Revenue Service, *2010 Instructions for Form 1120, U.S. Corporation Income Tax Return*, https://www.irs.gov/pub/irs-prior/i1120--2010.pdf., at 6 (same). Travelers also relies on Alassaf's own deposition testimony from March 8, 2012 and August 21, 2015, where he stated that "the carwash was owned and operated by ABC Car Wash & Detail, Inc., a legal entity incorporated in Illinois 'from day one,'" (dkt. 47 at

10 (citing dkt. 41-3 at 38:13–19, 39:4–40:14)), and that the named insured, ABC Carwash, refers

to the legal entity ABC Car Wash & Detail, Inc. (dkt. 41-6 at 38:21–23).

Contrary to those representations, Alassaf now claims (1) that ABC Carwash and ABC

Car Wash & Detail, Inc. are two separate entities, (2) that ABC Carwash located in Alsip,

Illinois, was operated as a sole proprietorship whereas ABC Car Wash & Detail, Inc. located in

Carbondale, Illinois, was operated as a corporation, and (3) that the insurance policy was

between ABC Carwash and Travelers, not ABC Car Wash & Detail, Inc. and Travelers and,

since he is legally indistinguishable from ABC Carwash he has standing to sue as Alassaf d/b/a

ABC Carwash. (Dkt. 42 at 8–12.) Alassaf relies on the Illinois Secretary of State's records,

which indicate that ABC Car Wash & Detail, Inc. was not incorporated until August 3, 2010,

months after the March 9, 2010–March 9, 2011 policy period began. He argues that this

evidence, along with the Carbondale address listed on the secretary of state records is evidence

that ABC Car Wash & Detail, Inc. is a separate entity from ABC Carwash. Alassaf also points to

the deposition testimony of Travelers's insurance adjuster, Robert Haislip, where the insurance

adjuster agreed that when references were made to the "insured" during the deposition, all parties

were referring to Alassaf. (Dkt. 42 at 11.)

The court is not persuaded that Alassaf has created an issue of material fact as to whether

he has standing to sue as an individual and/or sole proprietorship. The Illinois Secretary of State

printout does not refute the evidence that ABC Carwash and ABC Car Wash & Detail, Inc. are

the same entity or, at minimum, that Alassaf held the two out as the same entity. The Illinois

Secretary of State document indicates that the corporation's registered agent's address is in

Carbondale, Illinois, not that the corporation's principal office or place of business is located in

Carbondale, Illinois. (*See* dkt. 42-9 at 2.) Indeed, the document does not list the principal office

or place of business for ABC Car Wash & Detail, Inc., which means it is not inconsistent with the U.S. Corporate tax returns from 2009 and 2010 indicating that ABC Car Wash & Detail Inc.'s principal office or place of business is located at 11906 S. Cicero, Alsip, Illinois, the address of the entity insured under the policy. Also, the tax preparer signed the 2010 tax returns on July 20, 2011, which was after the date of incorporation, and that tax return represents that the principal office or place of business for ABC Car Wash & Detail Inc. is 11906 S. Cicero Ave, Alsip, Illinois. (Dkt. 49 at 7.)

As for Haislip's deposition testimony, while true that some of his answers can be interpreted to suggest that Alassaf was the insured under the policy, this is only true when those passages are read in isolation. An entire reading of the deposition shows that Haislip was referring to Alassaf as the insured because Alassaf was the point of contact for the insured, which was ABC Carwash, not because Alassaf was the or an insured under the policy. Indeed all correspondence to Alassaf regarding the policy identified the insured as ABC Carwash rather than Alassaf. (*See* Dkt. 41-7 at 1 (letter sent to Mohamed Alassaf, ABC Carwash, 9704 S. Normandy Ave, Oak Lawn, IL 60453, regarding named insured "ABC Carwash"); dkt. 41-13 at 1 (letter sent to ABC Carwash, c/o Mohamed Alassaf, 6041 Marshall Ave, Chicago Ridge, IL 60415, regarding named insured "ABC Carwash"); dkt. 42-8 at 64:18–19 (reading the address label on the denial letter which read "ABC Car Wash, care of Mohamed Alassaf, 6041 Marshall Ave, Chicago Ridge, IL 60415).) And of notable importance, Travelers sent the denial letter to ABC Carwash in care of Alassaf (ABC Car Wash & Detail, Inc.'s president) at the address listed as the corporation's president's address on the Illinois Secretary of State corporation file detail report for the entity ABC Car Wash & Detail, Inc. (*See* dkt. 41-13 (denial letter's recipient's address); dkt. 42-9 (corporation file detail report from the Illinois Secretary of State).)

In addition to the evidence described above, Alassaf's own testimony suggests that he believed that ABC Carwash was a corporation at the time the policy was entered into. During his deposition on March 8, 2012, he stated (1) that when he first started operating the car wash in 2009, he operated it as a corporation (dkt. 41-3 at 38:13–16); (2) that he incorporated the car wash with the state of Illinois (*id.* at 38:17–19); (3) that he could not recall the exact name of the corporation and that he thought it was "ABC Car Wash or maybe ABC Express" (*id.* at 38:20–23); (4) that the entity named on the Illinois Secretary of State website with the incorporation date of August 3, 2010, was the name of his business (thus referring to ABC Car Wash & Detail, Inc.) (*id.* at 39:4–16); (5) that the August 3, 2010 date was not the first time he had incorporated; rather, this date simply reflected the corporation after he became the sole shareholder after he bought out the corporation's other shareholder, "Tony." (*id.* at 39:17–40:17), and (6) that "[he] believed [he] operated the car wash under the name, legal name ABC Car Wash & Detail, Inc., from day one in Alsip" (*id.* at 40:7–10).

Since the evidence shows that the policy's named insured is ABC Carwash, that the policy listed ABC Carwash as a corporation, that Alassaf held ABC Carwash located at 11906 S. Cicero Ave, Alsip, Illinois out as a corporation, the court finds no reason to construe the policy as to have intended to insure Mohamed Alassaf doing business as ABC Carwash, a sole proprietorship.

It follows that, as a shareholder of ABC Car Wash & Detail Inc. (also referred to as ABC Carwash), Alassaf would be an indirect beneficiary, rather than a third-party beneficiary, of that contract. *See Sharif* v. *Int'l Dev. Group Co., Ltd.*, 399 F.3d 857, 861 (7th Cir. 2005) (explaining that under Illinois law "[t]o be a direct beneficiary and therefore a third party beneficiary of a contract, the parties to the agreement must have manifested in their contract an intention to

confer a benefit upon the third party") (citations and internal quotation marks omitted). Since

nothing in the policy suggests that Alassaf was a third-party beneficiary, rather than an indirect

beneficiary through his sole ownership of ABC Carwash, he does not have standing to bring this

suit. *See id.* (holding that the sole owner of the corporation was not a third-party beneficiary

where the contract did not manifest the intent to make him a third-party beneficiary).

## CONCLUSION

For the foregoing reasons, Travelers's motion for summary judgment (dkt. 41) is granted

insofar as it seeks dismissal of the complaint for lack of standing.  The Clerk is directed to

dismiss Alassaf's complaint without prejudice.

Date: July 28, 2015        _____
                                U.S. District Judge Joan H. Lefkow